**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

GARY ALLEN GLIDDEN, #145432                                    **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO. 1:09cv478-LG-RHW**

LAWRENCE KELLY, Superintendent
and FLORENCE KELLY, Warden                                    **RESPONDENTS**

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Glidden, an inmate at the Mississippi State Penitentiary, Parchman, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Petitioner was convicted of possession of controlled substance in the Circuit Court of Harrison County, Mississippi on December 10, 2008. He was sentenced on December 18, 2008, to serve a mandatory four-year sentence in the custody of the Mississippi Department of Corrections. Petitioner files the instant petition habeas relief because he claims that his constitutional rights of due process pursuant to the Fourth and Fourteenth Amendments of the Constitution were violated. According to the Mississippi Supreme Court Clerk's Office, Petitioner's direct appeal of his conviction was filed on June 25, 2009, and is pending with the Mississippi Supreme Court in cause number 2009-TS-01061-COA.

As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Petitioner's allegations and has reached the following conclusion.

It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his

claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

>  (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>>  (A)  the applicant has exhausted the remedies available in the courts of the State; or
>>
>>  (B)(i) there is an absence of available State corrective process; or
>>
>>  (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>  * * * * * * * * *
>
>  (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999). It is clear that Petitioner is in the process of exhausting his state remedies since his direct appeal is pending with the Mississippi Supreme Court. As such, Petitioner's application will be dismissed without prejudice for failure to exhaust his available state remedies.

A Final Judgment in accordance with this Memorandum Opinion and Order will be

issued this date.

**SO ORDERED AND ADJUDGED** this the 27th day of July, 2009.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE